UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WALGREEN CO.,

                             Plaintiff,

           -against-

MAZEN DAYEM,

                            Defendant.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23-CV-3619-NRM-SJB

**BULSARA, United States Magistrate Judge:**

      Plaintiff Walgreen Co. ("Walgreens") commenced this action on May 15, 2023 against Defendant Mazen Dayem ("Dayem") for failure to honor a guaranty and pay amounts due under a sublease agreement. (Compl. dated May 15, 2023 ("Compl."), Dkt. No. 1). After Dayem failed to appear and a default was entered against him, Walgreens moved for default judgment. (Mot. for Default J. dated Aug. 30, 2023 ("Default J. Mot."), Dkt. No. 11). Judge Nina R. Morrison referred the motion to the undersigned for a report and recommendation. (Order Referring Mot. dated Aug. 31, 2023). For the reasons stated below, it is respectfully recommended that Walgreens's motion be granted.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Walgreens is an Illinois corporation with its principal place of business in Deerfield, Illinois. (Compl. ¶¶ 2, 4). Dayem is an individual who is a citizen of New York residing in Staten Island, New York. (*Id.* ¶ 3). Walgreen Eastern Co., Inc. ("Walgreens Eastern") is a wholly owned subsidiary of Walgreens. (*Id.* ¶ 23 n.1; Decl. of Steve Weinrauch dated Aug. 29, 2023 ("Weinrauch Decl."), Dkt. No. 11-6 ¶ 5).

On or about August 6, 2020, Walgreens Eastern entered into a sublease (the "Sublease") with 1134 Food LLC ("1134 Food")[1] for the premises of 1134 East New York Avenue, Brooklyn, New York (the "Premises"). (Compl. ¶ 7). Pursuant to the terms of the Sublease, 1134 Food agreed to pay Walgreens Eastern rent monthly until October 31, 2037. (Sublease dated Aug. 6, 2020 ("Sublease"), attached as Ex. 1 to Compl., Dkt. No. 1-3 § 3(a)(i)).

A default occurs under the Sublease when 1134 Food "fail[s] to pay in full . . . any rents and/or sums and charges in this Sublease," or when 1134 Food files a bankruptcy petition. (*Id.* § 17(a)). Following a default, "all past due sums will bear interest at the Default Rate," which is the lesser of "the maximum rate permitted by applicable law" or "the rate of three (3) percentage points over the Prime Rate." (*Id.* § 3(a)(iii)). 1134 Food is also liable for "all expenses and attorney fees" incurred should Walgreens Eastern be forced to enforce the agreement. (*Id.* § 17(f)).

Dayem executed a guaranty making him responsible for the obligations under the Sublease (the "Guaranty"). (Compl. ¶ 12; Guaranty dated Aug. 6, 2020 ("Guaranty"), attached as Ex. 2 to Compl., Dkt. No. 1-4 § 1 ("[The Guarantor] hereby jointly and severally absolutely, unconditionally and irrevocably guarantee[s] . . . the full and prompt payment of all fixed annual rent and all tax payments and operating expense escalations payable by Subtenant . . . through the [end of the Sublease][.]"); *see also id.* ("[The Guarantor] guarantee[s] to Landlord . . . if Landlord is the prevailing party, all of

---

[1] A member of 1134 Food—and apparently the sole member—is Lili Dayem a/k/a Lili Doleh, who is the wife of Defendant Dayem. (Mem. of Law in Further Supp. of Mot. for Default J. dated Feb. 26, 2024, Dkt. No. 12 at 5 n.5).

2

Landlord's costs of collection under this Guaranty (including reasonable attorneys' fees and disbursements.")).

1134 Food failed to make the payment due for March 2021, and all payments due thereafter. (Compl. ¶ 18). On November 22, 2022, 1134 Food filed for Chapter 11 bankruptcy. (*Id.* ¶ 17). At the time of its bankruptcy filing, 1134 Food owed $664,233.18 under the Sublease. (*Id.* ¶ 18). On November 7, 2022, pursuant to an assumption agreement (the "Sublease Assumption Agreement"), the amount owed was reduced to $566,099.93 (the "Delinquency"). (*Id.* ¶ 19; *see also* Sublease Assumption Agreement dated Nov. 7, 2022 ("Sublease Assumption Agreement"), attached as Ex. 1 to Weinrauch Decl., Dkt. No. 11-7 at 2).

On May 1, 2023, Walgreens Eastern sent a letter notifying Defendants of their default and demanding payment of the $566,099.93, plus interest of $26,691.89, within seven days. (Compl. ¶ 21; Notice of Default and Demand to Cure dated May 1, 2023 ("Notice of Default"), attached as Ex. 3 to Compl., Dkt. No. 1-5 at 1–2).[2] Notwithstanding this demand, Dayem failed to pay. (Compl. ¶¶ 20, 22). On May 12, 2023, Walgreens Eastern assigned all of its rights, claims and interests under the Sublease and Guaranty to Walgreens. (*Id.* ¶ 23; Assignment of Claim dated May 12, 2023, attached as Ex. 2 to Weinrauch Decl., Dkt. No. 11-8).

Walgreens filed the Complaint on May 15, 2023. (Compl.). The Complaint alleges a single cause of action for breach of contract against Dayem under the

---

[2] Walgreens Eastern calculated the interest owed at 9.25%. (Notice of Default at 2). The Prime Rate was 6.25% as of November 1, 2022; under § 3(a)(iii) of the Sublease, the default interest rate would thus be 3 percentage points above 6.25%, resulting in 9.25%, applied to the delinquency period between November 1, 2022 and May 1, 2023. (*Id.*).

3

Guaranty. (*Id.* ¶¶ 24–27). Dayem was served with the summons and Complaint through personal service. (Aff. of Service dated June 20, 2023 ("Aff. of Service"), Dkt. No. 7). Dayem failed to appear, and, as a result, the Clerk of Court entered default against him on July 20, 2023. (Clerk's Entry of Default dated July 20, 2023 ("Clerk's Entry of Default"), Dkt. No. 10).

On August 30, 2023, Walgreens filed a motion for default judgment against the Defendant. (Default J. Mot.). All motion papers were mailed to Dayem's last known residential address in compliance with Local Civil Rule 55.2(c). (Certificate of Service dated Aug. 30, 2023 ("Certificate of Service"), attached as Ex. 11 to Default J. Mot., Dkt. No. 11-11).

## DISCUSSION

I. <u>Entry of Default</u>

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant. Fed. R. Civ. P. 55(b)(2). The Clerk of Court entered a default against Dayem on July 20, 2023. (Clerk's Entry of Default).

The next question, before reaching liability or damages, is whether the defendant's conduct is sufficient to warrant entry of a default judgment. In determining

4

whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001).  These factors are "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003).

First, Dayem's failure to respond to the Complaint demonstrates his default was willful.  *See, e.g., Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that the defendants' non-appearance and failure to respond "indicate willful conduct" and granting plaintiff default judgment against them).  A copy of the summons and Complaint was served on Dayem through personal service on June 15, 2023.  (Aff. of Service).  The motion for default judgment and supporting papers were also served via mail to Dayem's last known residential address.  (Certificate of Service).  Notwithstanding this notice and service, he did not respond to the Complaint or appear, and has not in any way attempted to defend himself.

As to the second factor, Walgreens would be prejudiced if the motion for default judgment is denied, "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008), *report and recommendation adopted*, Order (Jan. 26, 2009); *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946, 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015) (adopting report and recommendation)

5

(finding the prejudice element was met because "[w]ithout the entry of a default judgment, Plaintiffs would be unable to recover for the claims").

Third, the Court cannot conclude there is any meritorious defense to Walgreens's allegations because Defendant did not appear, and no defense has been presented to the Court. *E.g.*, *United States v. Hemberger*, No. 11-CV-2241, 2012 WL 1657192, at *2 (E.D.N.Y. May 7, 2012); *Indymac Bank*, 2007 WL 4468652, at *1.

As a result, all three factors weigh in favor of the entry of default judgment. The Court now turns to the liability imposed, damages, and other relief to be awarded.

II.   Liability

In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A party's default is deemed an admission of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482, at *2 (Mar. 29, 2016). "A default does not establish conclusory allegations, nor does it excuse any defects in the plaintiffs' pleading." *Mateo v. Universal Language Corp.*, No. 13-CV-2495, 2015 WL 5655689, at *4, *6–*7 (E.D.N.Y. Sept. 4, 2015), *report and recommendation adopted*, 2015 WL 5664498, at *1 (Sept. 23, 2015). For example, an allegation is not "well-pleaded" if is contradicted by other evidence put forth by the plaintiff. *See id.* at *6–*7. "[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citation and

6

quotations omitted); *see also* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2688.1 (3d ed. 2017).

Walgreens alleges Dayem breached the Guaranty by failing to pay the Delinquency under the Sublease. Under New York law,[3] "the elements [for] breach of guaranty are '(1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt.'" *56 Willoughby A LLC v. Zhang*, No. 20-CV-3973, 2021 WL 3622084, at *7 (E.D.N.Y. July 27, 2021) (quoting *Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*, No. 16-CV-2696, 2017 WL 2912452, at *2 (E.D.N.Y. July 6, 2017)), *report and recommendation adopted*, 2021 WL 3617671, at *1 (Aug. 16, 2021).

Walgreens alleges that Dayem personally guaranteed the obligations owed by 1134 Food under the Sublease. (Compl. ¶¶ 12–16). The Guaranty states that "[the Guarantor] hereby . . . absolutely, unconditionally and irrevocably guarantee[s] to Landlord" the obligations under the Sublease. (Guaranty § 1). This is an absolute and unconditional guaranty, and this language "forecloses any challenge to [its] . . . enforceability and validity." *Coop. Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 494 (2015); *see, e.g.*, *H.L. Realty, LLC v. Edwards*, 131 A.D.3d 573, 573–74 (2d Dep't 2015) (concluding based on similar language that plaintiff was entitled to seek damages from the guarantor resulting from the tenant's default under the lease); *136 Field Point Circle Holding Co. v. Invar Int'l Holding, Inc.*, 644 F. App'x 10, 12–13 (2d Cir. 2016) (affirming enforcement of guaranty where guarantor

---

[3] The Guaranty provides that it "shall be governed in all respects by the internal laws of the State of New York, without regard to the conflict of laws principles thereof." (Guaranty § 17; Mem. of Law in Supp. of Mot. for Default J. dated Aug. 30, 2023 ("Mem. of Law"), Dkt. No. 11-9 at 10–11).

7

"absolutely, unconditionally and irrevocably" guaranteed "the liabilities and obligations" of parties to a lease).

There is also an underlying debt. 1134 Food defaulted on its obligations under the Sublease by failing to pay rent for March 2021 through November 2022. (Compl. ¶ 18; Weinrauch Decl. ¶ 10).

And Dayem has never satisfied the debts of 1134 Food as he was contractually obligated to do. (Compl. ¶¶ 20, 22; Weinrauch Decl. ¶ 26). Thus, he has failed to perform under the Guaranty. *See, e.g., W6 Facility X, LLC v. W. 6 Care Ctr., Inc.*, 169 A.D.3d 968, 969 (2d Dep't 2019) (concluding that plaintiff established defendant's liability for breach of guaranty "by demonstrating that the guarantor breached his obligations under the guaranty"); *VW Credit, Inc. v. Big Apple Volkswagen, LLC*, No. 11-CV-1950, 2012 WL 919386, at *4 (S.D.N.Y. Mar. 15, 2012) ("Equally evident is defendants' failure to perform under the guaranty, as it is established that [plaintiff] has not been repaid the amounts due and owing it under the Loan Agreements, by either [the borrower] or by any of the alleged guarantors.").

For these reasons, the Court finds that Dayem is liable for breach of guaranty.[4]

III. Damages and Interest

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound*

---

[4] The Guaranty provides that "the obligations and liability of Guarantor hereunder shall in no way be terminated, affected, diminished or impaired by reason of . . . (g) any bankruptcy, insolvency, reorganization, arrangement, [or] assignment for the benefit of creditors." (Guaranty § 3). As a result, the bankruptcy proceedings against 1134 Food do not preclude granting Walgreens relief against a non-debtor. *See Schumacher v. White*, 429 B.R. 400, 406–07 (E.D.N.Y. 2010) (Bianco, J.) (allowing guaranty enforcement litigation to proceed while original signatory to contract had declared bankruptcy).

8

*Exhibitgroup*, 973 F.2d at 158. "[A]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (citations and quotations omitted). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1992)). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (collecting cases). Under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing" to determine the amount of damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Gilbert*, No. 20-CV-1441, 2022 WL 344270, at *3 (N.D.N.Y. Feb. 4, 2022) ("A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages." (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993))).

    A. <u>Damages</u>

"A guarantor of payments to be made under a contract, as distinguished from a guarantor of the performance of a contract, can be held liable only for the amount of payments due thereunder, and not for damages resulting from a breach of the contract."

9

63 N.Y. Jur. 2d Guaranty and Suretyship § 392 (2021).  Walgreens submitted a Sublease Assumption Agreement, reflecting that the delinquency amount was reduced from $664,233.18 to $566,099.93.  (Sublease Assumption Agreement at 1–2).  Walgreens has established that Dayem personally guaranteed the Sublease, and absent his failure to pay under the Guaranty, it would have been paid this amount.

Thus, the Court respectfully recommends that Walgreens be awarded $566,099.93 in damages.  *See, e.g.*, *56 Willoughby A LLC*, 2021 WL 3622084, at *8 (finding guarantor liable for the full amount due under the lease).

B. <u>Pre-Judgment Interest</u>

Walgreens also seeks pre-judgment interest on the damage award, beginning on November 1, 2022.  (Mem. of Law at 16–17).  Under New York law, parties are entitled to recover interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a).  Such "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed." *Id.* § 5001(b).  In cases of a breach of guaranty, pre-judgment interest begins to accrue from the date of the guarantor's default.  *Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*, 230 A.D.2d 326, 333 (3d Dep't 1997).  In addition, the non-breaching party is entitled to interest on the total award, including the accrued interest, through the date of the entry of final judgment.  N.Y. C.P.L.R. § 5002 ("Interest from verdict, report or decision to judgment.").  The statutory interest rate is 9% per year.  *Id.* § 5004.

Walgreens seeks pre-judgment interest beginning on November 1, 2022, the date of the breach of the Sublease.  (Mem. of Law at 17).  That date, however, is the earliest date of the breach by 1134 Food, the subtenant, not Dayem, the guarantor.  The Guaranty requires that the guarantor receive notice before being obligated to provide

10

payment. (Guaranty § 1 ("Guarantor hereby covenants and agrees with Landlord that if Subtenant fails to pay any of the amounts set forth above within the time periods set forth in the Sublease *after notice from Landlord to Subtenant with respect thereto . . .* Guarantor, upon demand by Landlord, shall immediately pay such sums to Landlord[.]" (emphasis added))). And Dayem did not waive any notice requirements. Walgreens provided Dayem notice of his default on May 1, 2023. (Notice of Default). Thus, it is respectfully recommended that Walgreens be awarded interest of $139.59 per day beginning May 1, 2023, until the date judgment is entered.[5]

## CONCLUSION

For the reasons described above, the Court respectfully recommends that Walgreens's motion for default judgment be granted, awarding Walgreens $566,099.93 in damages and pre-judgment interest in the amount of $139.59 per day beginning May 1, 2023, until the date judgment is entered.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

---

[5] $566,099.93 multiplied by 9% and divided by 365 days equals $139.59 (rounded) in statutory interest per day.

11

Walgreens is directed to serve a copy of this Report and Recommendation on both Defendant Dayem and 1134 Food's bankruptcy counsel and file proof of such service on the docket by no later than March 8, 2024.

SO ORDERED.

<u>/s/ *Sanket J. Bulsara*  March 1, 2024</u>
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

12